UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GERALDINE CRAIG

VERSUS

CAROLYN W. COLVIN, ACTING
COMMISSIONER OF SOCIAL SECURITY

CIVIL ACTION

NO. 15-583-JJB-EWD

## RULING

This matter is before the Court on a Motion for Attorney Fees (Doc. 17) brought by the Plaintiff, Geraldine Craig ("Craig"). The Defendant, Carolyn Colvin, the Acting Commissioner of Social Security ("Colvin"), filed an opposition (Doc. 18) and the Plaintiff filed a reply brief (Doc. 19-3). Oral argument is unnecessary. The Court's jurisdiction exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). For the reasons stated herein, the Plaintiff's Motion for Attorney Fees (Doc. 17) is **GRANTED in the amount of $3,531.06 to be made payable to the Plaintiff, Geraldine Craig**.

I. **BACKGROUND**

Craig's application for supplemental security payments was denied by an administrative law judge. *Compl.* 2, Doc. 1. Craig appealed the decision to this Court, and upon consideration of Defendant's Unopposed Motion to Remand, this Court reversed the decision and remanded the case to the Commissioner for a rehearing while retaining jurisdiction to determine applications for attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *Consent Judgment* 1-2, Doc. 16.

II. **DISCUSSION**

The EAJA provides that a court shall award attorney fees and costs to a prevailing party in a civil action brought against the United States "unless the Court finds that the position of the

1

United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412 (d)(1)(A); *Baker v. Bowen*, 839 F.2d 1075, 1080 (5th Cir. 1988).

The parties agree that Plaintiff is the prevailing party and timely filed an application for fees. Plaintiff seeks an award of $4,482.24, representing 18.95 hours of attorney time at a rate of $189.30 per hour[1], 8.95 hours of paralegal time at a rate of $100.00 per hour, and $17.31 for filing expenses.[2] *Pl.'s Supp. Mem.* 4, Doc. 17-1. Defendant does not oppose a reasonable award of attorney fees, but argues that Plaintiff requests an excessive hourly rate and payment for unnecessary tasks unrelated to the actual briefing of the case. Plaintiff also argues that her Counsel should be paid directly while the Defendant opposes direct payment to an attorney and requests to make payment directly to Plaintiff.

### A.    Hourly Rate

Plaintiff argues that $189.30 per hour is a reasonable rate for attorney time while $100 per hour is a reasonable rate for paralegal time. *Pl.'s Supp. Mem.* 4, Doc. 17-1. Defendant argues that a reasonable rate for attorney time is $150 per hour and $55 per hour is a reasonable rate for paralegal time. *Def.'s Supp. Mem.*, 5, 8, Doc. 18. For the reasons stated below, this Court finds that a rate of $150 per hour is reasonable for attorney time and a rate of $75 per hour for paralegal time.

Under the EAJA, a court cannot award a fee exceeding "$125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability

---

[1] The Court notes that in her original Motion, Plaintiff requested an hourly rate of $189.30, but in her Reply she requested $185.21. *See Pl.'s Reply Mem.* 3, Doc. 19-3. Given that Plaintiff has not requested a different total award in her Reply than in her original Motion ($4,482.24), the Court assumes that Plaintiff is still requesting an hourly rate of $189.30 rather than $185.21. Additionally, this Court notes that the hourly rate sought by Plaintiff is the *maximum* amount the Plaintiff could obtain—the $125.00 statutory cap adjusted for increases in the cost of living in the years the work was performed. *Crain v. Colvin*, Civil Action No. 14-12-SCR, 2015 WL 7761326, at *1-2 (M.D. La. Dec. 2, 2015)

[2] The Defendant does not oppose awarding the $17.31 in expenses to the Plaintiff. *Def.'s Supp. Mem.* 1, Doc. 18.

2

of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "It is well-established that the statutory rate plus a cost of living increase establishes a ceiling rather than a floor for setting a reasonable hourly rate." *Crain v. Colvin*, Civil Action No. 14-12-SCR, 2015 WL 7761326, at *2 (M.D. La. Dec. 2, 2015). While the EAJA allows an adjustment for changes in the cost of living, it does not absolutely require it, and the court has discretion to award less than the EAJA ceiling. *Robinson v. Barnhart*, 197 F.App'x 368, 369 (5th Cir. 2006).

The EAJA has the dual purpose to "ensure adequate representation for those who need it *and* to minimize the cost of this representation to taxpayers." *Hall v. Shalala*, 50 F.3d 367, 369 (5th Cir. 1995). In the past few years, the Middle District of Louisiana has consistently awarded a rate of $150 per hour for attorney work, and this Court finds that an hourly rate of $150 is reasonable and consistent with the dual purpose of the EAJA. *See Crain*, 2015 WL 7761326, at *1-2 ("$150.00 an hour… is consistent with the usual rate set for work done in Social Security cases in this district court from 2013 through 2015."); *Williams v. Colvin,* Civil Action No. 13-10-BAJ-SCR, 2015 WL 1323347, at *2 (M.D. La. Mar. 24, 2015) (finding a rate of $150 reasonable); *Porter v. Colvin,* Civil Action No. 12-768-BAJ-RLB, 2014 WL 6633086, at *1 (M.D. La. Nov. 21, 2014) (same)*; Watkins v. Colvin,* Civil Action No. 11-617-RLB, 2014 WL 129065, at *3 (M.D. La. Jan. 9, 2014) (same).

While Plaintiff requests an hourly rate for paralegal time of $100, this court finds that a $75 hourly rate is reasonable. The last decision discussing the paralegal hourly rate in this district was in 2009, and in that decision, the court held that $55 per hour was reasonable. *Hoyt v. Astrue*, Civil Action No. 08-99-CN, 2009 WL 666339, at *3 (M.D. La. Mar. 9, 2009). The hourly rate at that time for attorney work was $125. *Id.* Given that this district has increased the attorney hourly

3

rate by $25, this Court finds it reasonable to increase the paralegal hourly rate to $75 per hour which is consistent with similar districts. *See Phillips v. Astrue*, Civil Action No. 10-01523, 2012 WL 1867267, at *1 (W.D. La. May 21, 2012) (finding a $75 hourly rate for paralegals reasonable where $150 hourly attorney rate was prevailing rate in the district.)

### B.   Hours Expended

Plaintiff requests to be compensated for 18.95 hours of attorney time and 8.95 hours of paralegal time. *Pl.'s Supp. Mem.* 4, Doc. 17-1; *Attorney Time Sheet*, Doc. 17-7; *Paralegal Time Sheet*, Doc. 17-8. Defendant argues that 12.85 hours of work were spent on "substantive legal work," while the other 15.05 hours were spent on "receipt and review" tasks. *Def.'s Supp. Mem.* 4, Doc. 18. Defendant asserts that Plaintiff should not be compensated for "receipt and review" tasks because Plaintiff has not satisfied her burden of showing the reasonableness of her Counsel's billing strategy. *Id.* Having reviewed Plaintiff's time entries (Docs. 17-7 and 17-8), this Court finds the requested number of hours reasonable.

Courts routinely grant EAJA fees for work performed by paralegals and others who are not performing strictly substantive legal work. *See Crain*, 2015 WL 7761326, at *1 (awarding fees for tasks listed in Dkt. Entries 25-1 and 25-2 like reviewing files for a district court appeal, reviewing an answer, and reviewing an opposition brief); *Grant v. Colvin*, Civil Action No. 12-1306, 2013 WL 4508161, at *1-2 (E.D. La. Aug. 22, 2013) (awarding fees for clerical tasks such as preparing letters and reviewing orders). Additionally, many courts note that an EAJA award that compensates attorneys for between twenty and forty hours in social security cases is reasonable. *Costa v. Comm'r of Social Sec. Admin,* 690 F.3d 1132, 1137 (9th Cir. 2012) ("Many district courts have noted that twenty to forty hours is the range most often requested and granted in social security cases."); *Porter*, 2014 WL 6633086, at *1 (listing cases that note the twenty to forty hour range is reasonable).

4

Given the reasons above, Plaintiff's request for 27.9 hours is reasonable.

### C.     To Whom Defendant Shall Remit Award

Plaintiff's Motion asks that any fee awarded by this Court be paid directly to Counsel rather than to Plaintiff. *See Pl.'s Supp. Mem.* 5, Doc. 17-1. Plaintiff argues that this is proper because Plaintiff executed an assignment of the EAJA fees to Counsel. The Commissioner argues that payment of EAJA fees directly to Counsel would violate *Astrue v. Ratliff*, 560 U.S. 586 (2010), and that an assignment of EAJA fees would violate *Ratliff* and the Anti-Assignment Act. 31 U.S.C. § 3727. Because this Court finds that payment directly to Counsel would violate *Ratliff*, it does not reach the issue of whether the assignment of EAJA fees violates the Anti-Assignment Act.

In *Ratliff*, the Supreme Court held that a "§ 2412(d) fees award is payable to the litigant" and not to the plaintiff's attorney because the award may be "subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. at 589.

The Middle District holds that the meaning of *Ratliff* is clear—a § 2412(d) fees award can only be paid to a litigant and not to the litigant's attorney even when a plaintiff assigns his EAJA award to the attorney. *See Williams*, 2015 WL 1323347, at *2 (paying an EAJA award to plaintiff even where plaintiff executed an assignment and filed it with the court); *Watkins*, 2014 WL 129065, at *3 (same). While this Court recognizes that at least one district court within the Fifth Circuit has narrowly construed *Ratliff*[3], this Court holds that an award shall be made payable to the Plaintiff and not to her Counsel.

---

[3] *Bolden v. Colvin*, 114 F.Supp.3d 397, 399 (N.D. Miss. 2015).

5

**III.    CONCLUSION**

For the reasons stated above, **Plaintiff's Motion for Attorney Fees (Doc. 17) is GRANTED in the amount of $3,531.06 to be made payable to the Plaintiff, Geraldine Craig**.[4]

Signed in Baton Rouge, Louisiana, on September 6, 2016.

                                                               **JUDGE JAMES J. BRADY
                                                               UNITED STATES DISTRICT COURT
                                                               MIDDLE DISTRICT OF LOUISIANA**

---

[4] $3,531.06 represents 18.95 hours of attorney time at $150 per hour, 8.95 hours of paralegal time at $75 per hour, and $17.31 of filing fees.